WAYNE LAKES PARK, INC., APPELLANT, *v.* WARNER ET AL.,
APPELLEES. (Three cases.)

(Nos. 741, 742 and 743—Decided June 7, 1957.)

*Mr. Jesse K. Brumbaugh* and *Mr. Philip D. Brumbaugh,* for appellant.
*Messrs. Spidel, Staley & Hole,* for appellees.

CRAWFORD, J. These are appeals on questions of law and fact submitted by stipulation upon an agreed statement of facts, the transcript of testimony, and attached exhibits. Three causes are appealed, but it is agreed that the essential facts and the questions involved are identical, and that the decision in the first case, involving defendants, Lawson A. Warner and Viola E. Warner, appellees herein, shall be determinative of all three.

Plaintiff, appellant herein, is grantor and defendants are grantees in a warranty deed dated January 28, 1951, conveying premises known as lot No. 18 in Wayne Lakes Park Subdivision of certain sections in Neave Township, Darke County, Ohio. The deed contains a provision that the owner, lessee or occupant of the premises shall at all times maintain an annual membership in Wayne Lakes Park operated by the grantor. Defendants have not paid their membership fee since 1953.

Plaintiff seeks to restrain the defendants from occupying the demised premises during such time as an annual membership is not maintained.

The Court of Common Pleas denied relief and dismissed

the petition, finding that the provisions referred to constitute a covenant and not a condition; that they are ambiguous, contrary to public policy, and not binding; and that, except for ingress and egress over the park roadways, defendants shall be denied the privileges of the park unless appropriate membership therein is maintained.

The American Aggregates Corporation originally owned the tract in question, consisting of some 400 acres of land, from which it produced gravel. Later, it developed the area as a recreational park. It granted ten-year leases or licenses to individuals for their use and occupancy of specific lots, with fishing, swimming, boating and recreational privileges in the park maintained by the corporation. Defendants occupied and improved lot No. 18 under such an arrangement.

The plaintiff, a corporation for profit, was organized on December 5, 1950, took over ownership of the property from American Aggregates Corporation, and conveyed lot No. 18 to defendants on June 28, 1951.

According to the policy of the plaintiff, those who owned or occupied premises in the subdivision were expected to maintain memberships in Wayne Lakes Park and pay annual membership fees. The acceptance of memberships and the fixing of the fees therefor were wholly within the control of the plaintiff corporation. There was no requirement that a member be a shareholder, or that a shareholder be a member.

The park is enclosed, and gates and watchmen are maintained during a considerable portion of the year. In order to travel between the nearest public highway and lot No. 18, it is necessary to use roadways maintained by plaintiff.

It is agreed that the deed superseded the pre-existing lease or license, and that defendants paid a valuable consideration therefor ($505).

The instrument of conveyance is entitled "warranty deed" and includes the usual provisions of such a document. The granting clause conveys to the grantees, defendants herein, a fee simple title. The habendum clause is in the usual form for a warranty deed conveying such title, with the addition of the words, "subject, however, to the conditions herein contained." The warranty clause is likewise in the usual form for such a

deed, with the addition of the words, "except as hereinbefore provided."

The deed provides further that certain restrictive covenants are to be incorporated in all deeds relating to the subdivision, except as to certain lots specifically excluded by number, and that "the covenants and restrictions hereinafter contained shall be binding upon the said grantee and shall be deemed to run with the land and inure to the benefit of the grantor and to other owners of real estate located in said park."

The deed then continues as follows:

"RESTRICTIVE AGREEMENTS

"As a part of the consideration for this conveyance, the grantees herein, for themselves, their heirs, executors, administrators and assigns, hereby covenants and agrees to and with the said grantor, its successors and assigns, and for the uses and profits of said grantor, its successors and assigns, and of each other person or persons who shall or may become the owners of, or for any title derived immediately or remotely from, through or under the said grantor, its successors and assigns, to any lot or parcel of land situated in said Wayne Lakes Park Subdivision as follows:

"* * *

"Seventh, the grantor reserves, and is hereby granted the right, in case of any violation or breach of any of the restrictions, rights, reservations, limitations, agreements, covenants and conditions in this deed contained, to take such legal action as may be necessary to abate and remove, at the expense of the owner thereof, any erection, thing or condition that hereafter may be or exist thereon contrary to the intent and meaning of the provisions hereof. A failure of the grantor to enforce any of the restrictions, limitations, agreements, covenants and conditions of this deed shall in no event be construed to be a waiver thereof or acquiescence in or consent to any further privilege or violation thereof, and the grantor shall, at any time, have the right to enforce the same.

"* * *

"Ninth, the owner, lessee or occupant of said premises shall, at all times, maintain an annual membership in Wayne Lakes Park operated by the grantor, and does hereby agree to

be bound by the rules of said park as established by the board of directors of the grantor herein. It being expressly understood that this deed does not confer upon the grantees any privileges in the park area included in the subdivision not expressly set forth herein.

"Tenth, the premises hereby conveyed shall not be occupied by any person except the grantees without the written consent of the grantor, except that the grantor shall not withhold such consent if and after a written request has been made to the grantor to permit such occupation by a majority of the owners of the sublots which adjoin or face said premises upon both sides of the driveway, upon which said premises front or abut, and within a distance of five (5) lots from the lateral boundary lines of said premises. The transfer of title by way of devise or inheritance, in which case the devisee, or heir, shall take the property subject to the restrictions herein imposed and except that said property may be mortgaged or subjected to judicial sale, provided in any such case that no purchaser of said premises at judicial sale, or devisee or heir, shall have the right to occupy or lease said premises without the written consent of the grantor first had or obtained in the manner above stated.

"Annual membership in the park shall be considered as written consent to occupy or lease, real estate in said Wayne Lakes Park Subdivision.

"* * *

"Thirteenth, ingress and egress to the premises herein conveyed shall be had on and over the established driveways in said subdivision and not otherwise.

"Fourteenth, wherever the terms 'grantor' or 'grantee' have been used herein it shall be deemed to include their successors, assigns, administrators, executors or their heirs."

The burden is, of course, upon the plaintiff, in seeking drastic relief which would deprive defendants of essential benefits of ownership, to establish by virtue of some condition or otherwise the existence of a right to such relief.

The amended petition quotes the ninth restriction, and the prayer for relief is principally based thereon. This provision, either standing alone or in conjunction with the other restrictions, hardly falls within the definition of a condition. It will

be noted that there is no penalty provided for failure to maintain membership in the park, and that there is no mention of forfeiture or right of re-entry or other remedy upon which the injunction prayed for might be based.

The provision which perhaps comes nearest to being a penalty does not pertain to the ownership and occupancy of the premises demised but implies denial of the park privileges to nonmembers, whether or not they are owners of lots. Yet regardless of membership, the deed specifically conveys to the owners the right of ingress to and egress from the premises conveyed, on and over the established driveways of the subdivision (thirteenth restriction).

So far as rights or remedies reserved to the grantor are concerned, the only reference thereto is contained in the seventh restriction. Without the necessity of ascertaining the exact meaning of this provision, clearly it does not provide for forfeiture, loss of possession, right of re-entry, or reverter.

And some such provision (as to forfeiture, re-entry or reverter) is ordinarily considered an integral part of a condition. 14 American Jurisprudence, 480, Covenants, Conditions and Restrictions, Section 3; 4 Thompson on Real Property (Perm. Ed.), Section 2049; *Village of Ashland* v. *Greiner,* 58 Ohio St., 67, 50 N. E., 99.

Several well established rules of law and of construction combine to exclude the existence of a condition here:

1. The language used is that of the grantor and must, in case of ambiguity, be strictly construed against it.

2. There is considerable ambiguity in these restrictions, as the trial court has pointed out. For example, it is not clear in the ninth restriction precisely who shall be a member; literal application of the tenth restriction might well require that every member of an occupying household obtain consent of the grantor, or pursue the laborious alternative therein provided; and the grantees, as defined in the fourteenth restriction, are, in the provisions of the tenth restriction, both excepted from and included in the requirement that they obtain written consent of the grantor to occupy.

Such ambiguities not only require strict construction of the language against him who used it (the grantor herein), but also prevent enforcement because of uncertainty.

3. Conditions are not favored and are to be strictly construed, because they tend to destroy estates. 26 Corpus Juris Secundum, 1036, Deeds, Section 141 e; Tiffany, Law of Real Property (3 Ed.), Section 192; 4 Thompson on Real Property (Perm. Ed.), Section 2044.

4. Forfeitures are not favored, so that, in case of doubt, questionable provisions will be construed as covenants rather than as conditions. 26 Corpus Juris Secundum, 1036, Deeds, Section 141 e; 4 Thompson on Real Property (Perm. Ed.), Section 2047.

Not only would the relief sought here effect substantial forfeiture, but the lodging in the grantor of the authority to grant or to withold membership in the park and consent to occupy (except for the cumbersome procedure provided in the tenth restriction) would place in plaintiff the power practically to compel a forfeiture at will.

5. Restrictive covenants are to be strictly construed against limitations upon use. *Loblaw, Inc., v. Warren Plaza, Inc.,* 163 Ohio St., 581, 127 N. E. (2d), 754; 41 American Jurisprudence, 110, Perpetuities and Restraints on Alienation, Section 69.

6. The construction sought by plaintiff would place a restraint on alienation of a fee simple title granted in the same deed, which is not favored. 26 Corpus Juris Secundum, 990, Deeds, Section 134 b; 41 American Jurisprudence, 108, Perpetuities and Restraints on Alienation, Section 66.

7. A fee simple title having been first granted in the deed, an exception repugnant thereto will be rejected as void. 17 Ohio Jurisprudence (2d), 228, Deeds, Section 126.

Plaintiff has attempted to limit defendants' rights of ownership and occupancy by the requirement of membership in an organization subject to the control of plaintiff. The devastating consequences which might flow from such a condition (as noted above) render it irreconcilable with and repugnant to the conveyance of a fee simple title.

We are not unmindful of the established principle, briefed by counsel for plaintiff, that a grantor may, within reasonable limits, establish a general building scheme or plan for the development of a tract or subdivision. Some restrictions of this type are included in the deed here under consideration. These

restrictions are not in controversy and are wholly different in nature from that requiring a grantee to "maintain an annual membership" in a park.

We also recognize that it is possible for a grantor reasonably to limit the use to which premises may be put and to impose enforceable obligations upon a grantee. But the cases cited serve merely to support these general principles in situations far different from the one before us.

In the light of our analysis of the facts in this case, as set forth above, plaintiff is not entitled to have the defendants restrained from occupying the premises which it has conveyed to them.

There is apparently no denial of the obvious right of plaintiff to charge for the enjoyment of the recreational facilities of the park which it maintains.

We, therefore, reach the same conclusion as did the Court of Common Pleas, and the same judgments may be entered.

*Judgments accordingly.*

HORNBECK, P. J., and WISEMAN, J., concur.